HEADLY, Respondent, vs. MILLER and another, Appellants.

*April 6 — April 28, 1885.*

*Practice: Notice of application for judgment: Judgment signed by clerk: Terms of court.*

An action pending in the circuit court for Green Lake county was argued and submitted and taken under advisement by the court, and at a subsequent term a decision of the issues in favor of the

plaintiff was announced, but the court, not being sufficiently advised as to the value of certain improvements, referred the matter to a commissioner to take proofs. Subsequently, at a term of the circuit court for Winnebago county, commencing September 2, which was also a special term for Green Lake county, the plaintiff moved for judgment, and it was agreed between counsel for the respective parties that the motion should be argued and decided at some time to be fixed by them, before October 1, for the reason that the judge who tried the case was to resign and leave the bench on that date. The term of court was adjourned on September 19, without day. No time of bringing the motion to a hearing having been agreed upon, and no notice having been given by either party, the plaintiff, on the 30th day of September, appeared at the judge's chambers in Winnebago county, and without argument moved for judgment. The judge thereupon made his findings and directed the clerk to enter judgment upon them, which was accordingly done. *Held:*

(1) Under the circumstances it was not irregular to move for judgment without further notice.

(2) Under ch. 61, Laws of 1883 (providing that the terms of the circuit court for Winnebago county shall be special terms for the other counties in the same circuit), and ch. 61, Laws of 1879 (providing that such court shall be deemed open for the transaction of business from the commencement of one regular term to the commencement of another), the findings were properly made and judgment was properly ordered by the court, and entered and signed by the clerk on September 30, although the general term had adjourned.

APPEAL from the Circuit Court for *Green Lake* County.

Action to have a deed absolute on its face declared a mortgage. The facts are sufficiently stated in the opinion.

*Geo. D. Waring,* for the appellants.

For the respondent there was a brief by *Jackson & Thompson,* and oral argument by *Mr. Jackson.*

Orton, J. This is an appeal from an order overruling the motion of the defendants to set aside a judgment. The grounds of the motion urged on this appeal were: (1) That the judgment was signed by the clerk; (2) that it was entered when there was no term of court; (3) that it was

rendered without notice or a final hearing. The history of the cause seems to be as follows:

At the June term, 1881, of the circuit court of the county of Green Lake, the evidence had all been taken and the case was submitted to the court to be decided upon the evidence and the written arguments of the respective counsel. The court heard such arguments and took the case under advisement. At the June term. of said court, 1883, the court announced its decision in the cause upon all the issues therein, in favor of the plaintiff; but not being sufficiently advised of the value of certain improvements put upon the premises by one of the defendants, and of the value of property and rents received by the defendants from the premises, the court referred the same to be ascertained by O. F. Silver, Esq., court commissioner. The commissioner made his report, and it was filed in the cause.

A motion was made on behalf of the plaintiff at the circuit court of Winnebago county, as at a special term of the said circuit court of Green Lake county, to be heard on the 2d day of September, 1884, for judgment on the findings of the court and on said report of the commissioner, of which motion the Hon. George D. Waring, attorney for the defendants, had notice, and he, intending to be absent from the state, on account of ill health, at the time fixed, requested his then law partner, but who was not interested as an attorney in the case, to appear for him at the hearing of said motion for the purpose of continuing the cause for the term. The learned circuit judge announced on that day that he intended to resign his office and leave the bench the 1st day of October thereafter, and that if he was to render judgment in the case the parties must appear before him at some time before that time, and be heard. By the affidavit of L. Eichstaedt, Esq., said law partner of Mr. Waring, it appears that such was the understanding between himself and counsel of the plaintiff and the judge,

and that the case would be called up by the parties at some time to be fixed by them, before said October 1st, for final judgment. No agreement having been made, or notice given of such time, the attorney of the plaintiff appeared before the learned judge of said circuit court of Winnebago county at his chambers, on the 30th day of September, 1884, and without argument asked for judgment; and said judge made his findings in the case, and ordered the clerk to enter judgment accordingly. The regular term of the Winnebago court was adjourned on the previous 19th day of September.

It would seem that it was as much the right and duty of the attorney of the defendant to have had some certain time fixed for the final hearing, and to give notice thereof if he desired any further hearing before the judge, as that of the attorney of the plaintiff. It is sufficient that it was agreed that the said judge should finally dispose of the case before the 1st day of October, when he would be out of office, and it was desirable, and perhaps necessary, that he should do so, inasmuch as he had heard the whole case and had already announced his decision on the main issues. This was a case in equity, and the judge made a special reference of some questions of fact to aid him in rendering the final judgment. The case had been fully heard and submitted on the main issues, and it is at least doubtful whether either party had any right to be further heard. It would seem to have been discretionary with the judge to have ordered or permitted it. It does not appear that the defendants have been at all injured by their failure to appear and have their cause more fully presented to the court, or that there is any merit in this motion. We do not think that there was any substantial irregularity in the manner in which the plaintiff's counsel moved for judgment, on the 30th day of September, 1884, without further notice, under the circumstances of the case.

The only other general question on this motion is whether the circuit court of Winnebago county had jurisdiction to make and file its findings and order judgment in the cause at the time, inasmuch as the general term of said court had adjourned. If consent could confer it, or waive all objection to it, such consent was certainly given. But we think' the statute sufficiently confers it. Ch. 61, Laws of 1883, makes all general and special terms of that court special terms for the whole circuit; and ch. 61, Laws of 1879, provides that said court shall be deemed open for the transaction of business from the commencement of one regular term to the commencement of another, which makes the terms of that court perpetual as far as possible. It follows that the Winnebago court was still open for the transaction of business when this judgment was ordered. That is sufficient jurisdiction. · Was that jurisdiction properly exercised by the judge making his findings and ordering judgment to be entered by the clerk, and by the clerk entering and signing the same? We think the' learned judge properly exercised such jurisdiction, and that the clerk did properly sign said judgment. Under the above statutes this was not done during a vacation of terms, for that court was open, as a special term for the Green Lake circuit court, for such business, all of the time.

By sec. 2894, R. S., "judgment upon trial of an issue of fact by the court, or referees, or upon a failure to answer (except where the clerk is authorized to enter the same by this chapter), must be entered by the clerk upon the' direction of the court." By sec. 2429, R. S., "the judge of the circuit court may, at any general or special term in his circuit, hear any motion" for judgment, in certain cases mentioned therein. This statute also gives the court jurisdiction, and if that jurisdiction is improperly exercised it is at most a mere irregularity. The notice of the motion to set aside this judgment is entitled, "In the circuit court of Green

Lake county," and is "that at a term of the circuit court of Winnebago county, the same being a special term for the county of Green Lake, at the court house in Oshkosh, Winnebago county, Wisconsin, on the 31st day of October, 1884," this motion will be made. The findings and judgment have a similar recitation or preamble as to the 30th day of September. The court was open for the business of making these findings and ordering the clerk to enter the judgment just as legally and fully as it was for making this motion. The jurisdiction of the courts in that circuit is peculiar and very extensive, so far as they may be deemed open for business.

We think the circuit court properly overruled the motion.

*By the Court.*— The order of the circuit court is affirmed.