## GEORGE J. WILLIAMS

*v.*

## THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Ottawa November 13, 1886.*

1. APPEAL—*to what court—on prosecution for a misdemeanor, when validity of a statute is involved.* When the validity of a statute is involved in a prosecution for an alleged misdemeanor, an appeal lies directly from the trial court to the Supreme Court, and not to the Appellate Court.

2. So where one was indicted for unlawfully practicing medicine and surgery without having first complied with the statute of 1877, and convicted, and the question of the constitutionality of the statute is raised, by motion to quash the indictment and by motion in arrest of judgment, no appeal lies to the Appellate Court, it being given by section 88 of the Practice act, as amended in 1879, directly to the Supreme Court.

APPEAL from the Appellate Court for the First District;— heard in that court on appeal from the Criminal Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. BARNUM, RUBENS & AMES, for the appellant.

Messrs. CAMPBELL, HAMILTON & CUSTER, for the People.

Mr. CHIEF JUSTICE SCOTT delivered the opinion of the Court:

At the July term, 1884, of the Criminal Court of Cook county, George J. Williams was indicted for unlawfully practicing medicine and surgery in Cook county, Illinois, without first complying with the laws of the State of Illinois regarding the practice of medicine. On the trial before a jury, defendant was found guilty. Motions for a new trial and in arrest of judgment were made and severally overruled, and the court pronounced judgment on the verdict, and assessed a fine upon defendant in the sum of $200. On the appeal of defendant, that judgment was afterwards affirmed in the Appellate Court

for the First District, and defendant brings the case to this court on his further appeal.

It would seem the appeal was inadvertently taken to the Appellate Court. It should have been, under the Practice act, as amended by the act of 1879, taken directly to the Supreme Court.

The principal question made, is as to the validity of the statute under which defendant was indicted. The motion to quash the indictment, and the motion in arrest of judgment, both raise the question of the constitutionality of the act to regulate the practice of medicine in the State of Illinois, in force July 1, 1877. Of course, if the statute under which defendant was indicted is not valid, there could be no indictment, nor could there be any judgment rendered for a penalty for the non-compliance with its provisions.

Section 88 of the Practice act, as amended by the act of 1879, provides: "Appeals from and writs of error to circuit courts, * * * in all criminal cases below the grade of felony, shall be taken directly to the Appellate Court, and in all criminal cases above the grade of misdemeanors, and cases in which a franchise, or the validity of a statute, or the construction of the constitution is involved, and in all cases relating to revenues, or in which the State is interested, as a party or otherwise, shall be taken directly to the Supreme Court." (Session Laws 1879, p. 222.) Here the validity of a statute is directly involved, and this section of the Practice act is imperative the appeal shall be taken directly to the Supreme Court. It is apprehended it can make no difference whether the case in which the validity of the statute is involved, is a misdemeanor or a civil case, which would otherwise properly go to the Appellate Court. In either case, the appeal must be taken to the Supreme Court directly. Whatever, if anything, that was contained in the Practice act of 1877, or any prior act, that may be thought to be inconsistent with the act of 1879, was expressly repealed by the latter

act. It declares "that all laws or parts of laws in conflict with this act are hereby repealed."

It follows, the Appellate Court should have dismissed defendant's appeal, and because it was not done, its judgment will be reversed, and the cause remanded, with direction to that court to dismiss the appeal.

*Judgment reversed.*