## JAMES H. GRAHAM
### v.
## THE PEOPLE OF THE STATE OF ILLINOIS.

*Contempt—Election Law—Statute—Constitutionality of—Jurisdiction.*

This court has no jurisdiction to review any matters involved in a given
controversy, where the constitutionality of a statute is involved.

[Opinion filed April 21, 1890.]

IN ERROR to the County Court of Cook County; the Hon.
RICHARD PRENDERGAST, Judge, presiding.

Messrs. MURPHY & CUMMINGS, for plaintiff in error.

Messrs. JOEL M. LONGENECKER and SMITH & HARLAN, for
defendants in error.

Graham v. The People.

MORAN, J.  This writ of error brings to this court for review, the judgment of the County Court in a contempt proceeding against plaintiff in error, prosecuted under the provisions of the general election law of this State, which provides that judges or clerks of election appointed by the election commissioners under the terms of said law, shall be liable in a proceeding for contempt for any misbehavior in their office, to be tried in open court on oral testimony in a summary way without formal pleadings, etc.

Many objections are taken by counsel for plaintiff in error against the course of the County Court in the proceeding in which the conviction for contempt was had, and among the errors assigned is the one that the statute under which this contempt proceeding was brought, is unconstitutional.

Since the decision of the Supreme Court in the case of Puterbaugh v. Smith, 23 N. W. Rep. 428, counsel may have good ground for maintaining this position, but the raising of such a question ousts this court of jurisdiction to decide that or any other question arising on the record.  The case involves the validity of the statute, and is therefore reviewable only in the Supreme Court.

The case of Williams v. The People, 20 Ill. App. 92, and 118 Ill. 444, shows that where the validity of the statute is involved this court may not take jurisdiction by passing by that question and deciding the case on the other points raised.

If the constitutionality of a statute is involved, we have no jurisdiction to review the proceeding as to any matters involved in the controversy.

The writ of error in this case must therefore be dismissed.

*Writ of error dismissed.*