## People of the State of Illinois, for use of Minnie Phillips, v. Olaf F. Severson.

### Gen. No. 11,848.

1. APPEAL—*when Appellate Court has no jurisdiction of.* The Appellate Court has no jurisdiction of an appeal which presents for consideration the validity of a statute.

Action of debt. Error to the Circuit Court of Cook County; the Hon. EDWARD O. BROWN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Appeal dismissed. Opinion filed June 20, 1905.

DAVID GILMOUR, for plaintiff in error.

WILLIAM CHONES, for defendant in error.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is a writ of error sued out by the plaintiff in an action brought in the Circuit Court, to reverse a final judgment of that court in said action for the defendant on demurrer to the declaration. The declaration is in debt to recover fines or penalties imposed by sections 213 and 214 of chapter 38, R. S., Hurd's Ed., for a great number of alleged violations by the defendant of said Section 213. Said sections are as follows:

213. "If any officer authorized by law to charge or receive fees, salary or pay shall charge, claim, demand or take any greater fee, salary or pay than such as is by law allowed to him for the services performed   *   *   *   he shall, on conviction under this section, for the first offense, be fined in any sum not less than $25 nor more than $200, and upon conviction for a second or any subsequent offense, under this section, he shall forfeit his office and shall be confined in the county jail not less than thirty days nor more than one year."

214.  "Any officer who violates the provisions of the preceding section shall, in addition tó the penalty therein provided, be fined for each item so charged, collected or received not less than $10 nor more than $100, to be sued for and recovered before any justice of the peace of the proper county, in an action of debt, in the name of the People of the State of Illinois, and for the use of the person against whom such fee is charged, or from whom the same is received or collected."

The right of action by the People for the use of the person aggrieved to recover against the defendant in an action of debt a fine or penalty for each illegal item of costs charged against or collected from such person by a justice of the peace was created by said section 213.  No such action could be maintained, but for the provisions of that section.  But the same section which gives the right of action provides the remedy for its enforcement.  Such fine or penalty is, "to be sued for and recovered before any justice of the peace of the proper county in an action of debt."

In Smith v. Drew, 5 Mass. 513-514, Chief Justice Parsons said: "When a statute creates a new right without prescribing a remedy, the common law will furnish an adequate remedy, to gixe effect to the statute right.  But when a statute has created a new right, and has also prescribed a remedy for the enjoyment of that right, he who claims the right must pursue the statute remedy."  See to same effect Brown on Jurisdiction, 37; Conrad v. Starr, 50 Iowa, 470; Clark v. Brown, 18 Wend., 213.

This court is without jurisdiction to pass upon the validity of a statute.  The statute creates a liability, which did not exist at common law and at the same time provides a specific mode in which such new liability shall be enforced, viz., that the fine or penalty thereby imposed is "to be sued for and recovered before a justice of the peace in an action of debt," etc.  The remedy thus provided must under the authorities be held to be the only remedy to which the party aggrieved can resort to recover the penalty imposed by the statute.

In the brief of counsel for plaintiff in error it is said that it is well settled that the "Jurisdiction of the Circuit Court, so far as conferred by the constitution, cannot be taken away, nor can it be changed or abridged by an act of the Legislature," and in support of this contention Berkowitz v. Lester, 121 Ill., 106, and other cases are cited. The question thus presented involves the validity of a statute. When the constitutionality of a statute is involved we have no jurisdiction to review the proceedings as to any question presented by the record. Williams v. The People, 118 Ill., 444; Graham v. The People, 35 Ill. App., 568; Bernstein v. The People, 70 ib., 175.

The writ of error must therefore be dismissed.

*Writ of error dismissed.*