## GEORGE J. WILLIAMS
## v.
## THE PEOPLE.

1.  EXCEPTION IN ENACTING CLAUSE OF STATUTE.—It is a general rule that where exceptions are contained in the enacting clause of a statute creating an offense and giving a penalty, they are regarded as so far descriptive of the offense that they must be negatived in the indictment, information or declaration as the case may be.  But it is otherwise where the exception comes in by way of proviso to the statute.

2.  ACT TO REGULATE PRACTICE OF MEDICINE.—The court is of opinion that in this case no mention of the exception or negation contained in the

Williams v. The People.

proviso to section seventeen of the "act to regulate the practice of medicine in the State of Illinois " was necessary in the indictment, but it was necessary as part of the description of the offense to negative in the indictment the several exceptions contained in section fifteen of such act.

3. WHEN PHYSICIAN'S LICENSE OR QUALIFICATIONS PRESUMED.—Where the question of license or qualification of a physician arises collaterally in a civil action, between party and party, or between the physician and the one who employed him, the license or due qualification under the statute to practice will be presumed. In the case, however, of prosecutions on behalf of the public, license or due qualification under the statute is not presumed, and it rests with the defendant to prove it.

4. CONSTITUTIONALITY OF ACT.—The court refuses to pass upon the constitutionality of this act.

APPEAL from the Criminal Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding. Opinion filed July 21, 1886.

Messrs. BARNUM, RUBENS & AMES, for appellant.

Messrs. CAMPBELL, HAMILTON & CUSTER, for appellee; that the appellate court has no jurisdiction to decide questions of the constitutionality or validity of a statute in any case, cited Falch v. People, 8 Bradwell, 354; City of East St. Louis v. Trustees, 8 Bradwell, 295; City of Cairo v. Bross, 8 Bradwell, 296; Rosenstein v. Case, 9 Bradwell, 482; McManus v. Comm'rs, 10 Bradwell, 69; W. St. L. & P. Ry. Co. v. Stephens, 14 Bradwell, 507; I. C. R. R. Co. v. Willenborg, 14 Bradwell, 508; Wright v. People, 92 Ill. 596; Ingraham v. People, 94 Ill. 428; Smith v. People, 98 Ill. 407; Weiss v. People, 104 Ill. 90; Fisher v. People, 103 Ill. 106; Chicago Theological Seminary v. Gage, 103 Ill. 181.

McALLISTER, J. Upon an indictment in the Criminal Court of Cook county, charging him with having practiced medicine in said county, without having complied with, and in violation of the act entitled, " An act to regulate the practice of medicine in the State of Illinois," approved May 29, 1877, Williams, the plaintiff in error, was tried by jury, found guilty, and sentenced to pay a fine of two hundred dollars.

upon which judgment he brings error to this court, assigning various errors. The several provisions of that act, prescribing the qualifications of certain classes of persons, required as a condition precedent to the right to practice medicine in this State, are set out in the cases of The City of Chicago v. Honey, 10 Bradwell, 535, and Williams v. The People, 17 Id. 274; and inasmuch as they are voluminous, we refer to those cases for such statement in order to avoid repetition, and for the sake of brevity.

Section seventeen contains the penal clause of the act, and reads : " Any person practicing medicine or surgery in this State without complying with the provisions of this act, shall be punished," etc. To which section there is this proviso: " *Provided*, that the provisions of this act shall not apply to those that have been practicing medicine ten years within this State."

Section fifteen defines what shall constitute practicing medicine within the meaning of the act. "Any person shall be regarded as practicing medicine within the meaning of this act, who shall profess publicly to be a physician and to prescribe for the sick, or who shall append to his name the letters of M. D. But nothing in this act shall be construed to prohibit students from prescribing under the supervision of preceptors, or to prohibit gratuitous services in cases of emergency. And this act shall not apply to commissioned surgeons of the United States army or navy." 2 Starr & Curtis' Stat. 1604-5.

The indictment charged Williams with acts in the way of practicing medicine as above defined, without having obtained any certificate of qualification from the State Board of Health, or the certification by said board as to the genuineness of a diploma of any medical college, as required by said act, and the indictment expressly negatived each of the exceptions contained in said section fifteen, and in the proviso to section seventeen aforesaid.

The prosecution gave evidence on the trial, showing a *prima facie* case of the practice of medicine by the defendant as defined by section fifteen, but gave no evidence tending

to prove any of the negative facts alleged in the indictment, and the defendant offered no evidence whatever.

It is a general rule that where exceptions are contained in the enacting clause of a statute creating an offense and giving a penalty, they are regarded as so far de-criptive of the offense that they must be negatived in the indictment, information or declaration, as the case may be. But it is otherwise where the exception comes in by way of proviso to the statute : 1 Phil. Ev. (Cowen & Hill's Ed.) Marg. p. 821 and cases in notes; Spiers v. Parker, 1 Term R. 141.

We are of opinion that, as respects the exception or negative contained in the proviso aforesaid to section seventeen, no mention of it in the indictment was necessary. But we are inclined to the opinion that it was necessary as part of the description of the offense, to negative in the indictment the several exceptions contained in said section fifteen, which was properly done. Then the question arises, upon whom was the burden of proof respecting them.

After a somewhat thorough examination of the authorities and full consideration, we are of opinion that the rules with their proper distinctions may be thus stated : Where the question of license or qualification of a physician arises collaterally in a civil action between party and party, or between the doctor and the one who employed him, then the license or due qualification under the statute to practice, will be presumed. McPherson v. Cheadell, 24 Wend. 15; Thompson v. Sayre, 1 Denio, 175; Pearce v. Whale, 5 Barn. & Cres. 38 Id. 758.

But in the case of prosecutions on behalf of the public, the rule is otherwise. And, in such cases, license or due qualification under the statute, is not presumed, and it rests with the defendant to prove it. Apothecaries' Company v. Bentley, Ry. & Moo. 159 ; 21 E. C. L. 722 ; Sheldon v. Clark, 1 Johns. 513 ; Sherwood v. Mitchell, 4 Denio, 435 ; Smith v. Joyce, 12 Barb. 21; 1 Phil. Ev., *supra*, and cases in note 224.

Whether the defendant prescribed as a student, or was a commissioned surgeon in the U. S. army or navy, or had been practicing ten years in this State before the act, or had the

requisite certificate of the Board of Health, were all matters peculiarly within his own knowledge, and the burden of proof was upon him in respect thereto.

Counsel for plaintiff in error have presented able and elaborate arguments upon the proposition, that the act under which their client was convicted is unconstitutional, because it falls, as they insist, within a class of acts prohibited by the constitution as special legislation.

We can perceive from our analysis of this statute that there is sufficient basis for the position of counsel for plaintiff in error, to call upon the court to decide an important and difficult question, involving a construction of some of the peculiar provisions of our State constitution. That question, most assuredly, is an appropriate one for the Supreme Court. And inasmuch as our jurisdiction to pass upon it is challenged by counsel for the defendants in error, and we are not quite clear about it in our own minds, we think the proper course for us, under such circumstances, is to assume, for the purposes of this case which is otherwise free from error, that the statute is constitutional, affirm the judgment and let the case go directly to the Supreme Court.

Judgment affirmed.