# The American Exchange National Bank of Chicago
## v.
## William M. Gregg and Charles O. Gregg.

*Banks—Depositor's Check—Refusal to Pay—Evidence—Instructions—Practice.*

1. A party can not be heard to complain of an error in his favor.

2. The law presumes that all things are rightly done, unless the circumstances of the case overturn the presumption, and the burden of proving the existence of such circumstances is upon the person asserting the same.

3. Upon a deposit by a customer of a bank in the ordinary course of business, of money or drafts or checks received and credited as money, the title thereof becomes immediately vested in, and the property of the bank, and the subsequent failure of the bank to realize on the paper is not a circumstance which will excuse it from performing its implied contract, to pay out on checks of its depositor the money which it placed to the credit of his account, as consideration of the transfer made to it thereof.

[Opinion filed December 11, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. SWIFT, CAMPBELL & JONES, for appellant.

Mr. FRANK F. REED, for appellees.

MORAN, P. J. This was an action to recover on a check for $7,000, dated June 15, 1887, drawn on appellant by C. J.

Kershaw & Co., to the order of appellees as copartners under the firm name of Gregg, Son & Co.

The check came to the hands of appellees from Kershaw & Co. on the morning of June 15, 1887, and was presented to the appellant bank and certification of it demanded about eleven o'clock on said day, and within ten minutes thereafter a demand for payment or certification was made. The declaration contained a special count alleging that appellant refused to pay the check, although it had money on deposit to the credit of the drawers of the check when payment of the check was demanded, and also the common counts. On the trial in the court below, there was a verdict in favor of appellees and judgment thereon, and the appellant contends on this appeal that the court erred in modifying and refusing its instructions, and that the verdict is against the evidence.

At the close of business on the night of June 4th, the books of the appellant bank showed a credit balance to the account of C. J. Kershaw & Co. of $11,401.17, and there was deposited to said account on the morning of June 15th, $399,200. Whether there were sufficient funds in the bank to the credit of Kershaw & Co. to pay the check of appellees at the time payment or certification thereof was demanded, depends on the question whether a certain check for $256,800, is to be treated, in view of all the facts relating to it, as having been paid before June 15th, and if not, whether as a matter of fact, it was paid on the morning of the 15th of June, prior to the presentation of appellees' check.

This check for $256,800 was drawn by Kershaw & Co. on June 13th, in favor of, and was delivered to, D. Eggleston & Son, who also kept their account with the appellant bank. D. Eggleston & Son on the afternoon of June 13th properly indorsed the said check and deposited it in the said bank, and the bank on the same day placed the check to the credit of D. Eggleston & Son, and stamped it paid, but did not charge it to the account of Kershaw & Co., which account, if the bank had so charged it, would have been very largely overdrawn.

On the afternoon of June 14th, the bank not having received certain expected deposits from Kershaw & Co., charged

back the said check for $256,800 to the account of D. Eggleston & Son.

It was the contention of the bank on the trial in the court below that this charging back of the check by it, was a vain act, because done without the consent of D. Eggleston & Son, and the check was to be treated as paid on June 13th.

Whether D. Eggleston & Son assented to the charging back of said check to their account, was a question of fact to be determined by the jury in view of all the evidence in the case. The charging back of said check was the act of the bank, and the presumption is, at least, as against the bank, that it was rightfully done. The law presumes that all things are rightly done unless the circumstances of the case overturn the presumption.

"As regards the acts of private individuals, the presumption *omnia rite esse acta*, forcibly applies where they are of a formal character, as writings under seal." Broom's Legal Maxims, page 948. See, also, opinion of Story, J., in Bank of U. S. v. Dandridge, 12 Wheat. 69 and 70; Cornett v. Williams, 20 Wal. 250; Gibson v. Lyon, 115 U. S. 451.

Of course such a presumption must yield to evidence sufficient to overcome it, but the burden was upon the bank to furnish to the jury, evidence that required its reversal.

On this issue, appellant requested the court to give an instruction, which, after modifying by the insertion of the words " by said Kershaw & Co.," shown by italics, the court gave as follows:

"The jury are instructed that when the defendant bank gave D. Eggleston & Son credit for the check of Kershaw & Co. of $258,878.18, if from the evidence the jury believe such credit was given by said bank, Kershaw & Co., who drew the check, and D. Eggleston & Son, the payees of the check, being both customers of the defendant bank, the law is that under such circumstances the credit which had been given to D. Eggleston & Son could not be revoked without the consent of D. Eggleston & Son. If the jury find from the evidence that the check was credited to the account of D. Eggleston & Son, on June 13, 1887, then the jury will, as a matter of

law, consider that the check for $256,878.18 was paid upon June 13th, unless they shall find from a preponderance of the evidence that such credit was subsequently revoked *by said Kershaw & Co.*, with the knowledge and consent of D. Eggleston & Son." Appellant now complains of the modification made by the court.

The instruction is so couched as to place the burden on the wrong party, and therefore it might well be refused. It was for the bank to show that the revocation of the credit was *without* the knowledge and consent of D. Eggleston & Son. The addition by the court, requiring the jury to find that it was revoked "by said Kershaw & Co.," was but placing a further wrongful burden upon the plaintiff.

Under the instruction the check was to be regarded as paid unless it was shown that the credit was revoked, not only with the knowledge and consent of Eggleston & Son, but also by said Kershaw & Co.

Appellant has no ground for complaint of such a modification. The error was in its favor.

Appellees are the parties who were wronged, and had the verdict gone against them, it would be difficult to justify the giving of said instruction either as requested or as modified.

On the morning of June 15, 1887, before ten o'clock, Kershaw & Co. deposited with the appellant bank, two drafts for $100,000 each, drawn by the Fidelity National Bank of Cincinnati on the Chemical National Bank of New York, and a certificate of deposit issued by the Fidelity National Bank, which stated that Wilshire, Eckert & Co. had deposited in the said Fidelity National Bank $200,000, to the credit of the appellant bank for the use of C. J. Kershaw & Co. Appellant deducted $800 for exchange, and gave Kershaw & Co. credit for $399,200. This paper was subsequently dishonored, and appellant received only about $140,000 to apply on the $400,000.

Appellant asked and the court refused to give the following instruction:

"The jury are instructed that if they find from the evidence that the bank was paying checks upon June 15, 1887, in reli-

ance upon the Fidelity Bank paper of $400,000, which was deposited by C. J. Kershaw & Co. that morning, and that paper was subsequently dishonored, the plaintiff in this suit can not compel the defendant now to treat that paper as money, and the account of C. J. Kershaw & Co. must be considered as credited with only such moneys as the defendant bank has subsequently received on such dishonored paper, instead of being credited with the full amount of such paper. And if the jury find from the evidence, that before the plaintiff presented his check, the defendant bank had paid and certified checks to an amount sufficient to use up the credit balance which stood to the account of C. J. Kershaw & Co. on the evening of the 14th of June and the payments which the bank had subsequently received by way of dividends or otherwise on said dishonored paper, and any other moneys which went to the credit of C. J. Kershaw & Co. on that day, then the plaintiff can not recover in this suit." The refusal to give said instruction was not error.

" The general doctrine that a deposit being made by a customer, in a bank, in the ordinary course of business, of money, or of drafts or checks received and credited as money, the title to the money or to the drafts or checks is immediately vested in, and becomes the property of the bank, is not open to question." Cragie et al. v. Hadley, 99 N. Y. 131.

This being the rule of law, it is clear that Kershaw & Co. became entitled, immediately on the credit being given, to draw checks against it on the bank, and that it was the duty of the bank to pay such checks until said credit was exhausted. Kershaw & Co. had no ownership in, or control over, the drafts after they were transferred to the bank, and no liability upon them except as indorsers. Hence the subsequent failure of the bank to realize on the paper is not a circumstance which would excuse it from performing its implied contract to pay out, on checks of its depositor, the money which it placed to the credit of his account, as consideration of the transfer made to it of the drafts and certificate of deposit. Met. National Bank v. Loyd, 90 N. Y. 530; Armengand v. Condort, 27 Fed. R. 247.

The contention that the verdict is against the evidence we have considered with care, and we are of opinion that the record presents no such case as warrants our interference with the conclusion of the jury.

The circumstances of Eggleston's close relations to the bank and to the firm of C. J. Kershaw & Co., and the hesitation and uncertainty shown by the officers of the bank on the morning of the 15th of June, when appellees' check was presented, were significant, and when considered in connection with all the other evidence in the case relating to the treatment of the Eggleston check, and the relations of Kershaw & Co. to the bank on that day, and the unexplained failure to call Eggleston and Kershaw as witnesses, it is impossible for us to say, as a matter of fact, that the finding of the jury that there were funds in the bank to the credit of Kershaw & Co. at the time payment of appellees' check was demanded sufficient to pay the same, is manifestly against the weight of the evidence. It would be useless to enter upon a detailed examination of the evidence in this opinion.

Errors assigned on the refusal of other instructions have been disposed of in what is said regarding those above set out.

There is no error and the judgment will therefore be affirmed.

*Judgment affirmed.*