Munson v. Fenno.

---

**Charles W. Munson v. Milo D. Fenno and Stephen M. Titus.**

87    655
99   ³655

1. REAL ESTATE BROKER—*Right of Recovery Under the Common Counts—License.*—Proof in the first instance that the plaintiffs were licensed real estate brokers is unnecessary to a recovery under the common counts.

2. COURTS—*Judicial Notice of Ordinances Requiring License.*—There

is no statute requiring a license by real estate brokers, and courts can only take notice that there is an ordinance requiring such license by a pleading or proof of such fact.

3. Presumptions—*As to Licenses in the Absence of Proof.*—In the absence of proof to the contrary a license to act will always be presumed.

Assumpsit, for commissions. Appeal from the Superior Court of Cook County; the Hon. Arthur H. Chetlain, Judge, presiding. Heard in this court at the March term, 1899. Affirmed. Opinion filed February 26, 1900.

James Hibben, attorney for appellant.

E. G. Lancaster, attorney for appellees.

Mr. Justice Windes delivered the opinion of the court.

Appellees, who were partners as real estate brokers in Chicago, recovered a verdict of $1,100 for commissions upon a sale of certain real estate of the appellant, on which judgment was rendered, from which this appeal is taken. The declaration consists of a special count for commissions, in which it is alleged, among other things, that at the time of the sale the plaintiffs were " real estate brokers, duly licensed as such in Cook County," and also the common counts. The only plea was the general issue.

It is claimed on behalf of appellant, first, that appellees, in order to recover, should have proved that they were real estate brokers, duly licensed as such in Cook county; second, that the general issue compelled them to make such proof; third, that appellees failed to prove they were the procuring cause of the sale; and fourth, that there is a lack of necessary parties.

As to the first point, it is sufficient to say that as the common counts were part of the declaration, and the evidence, in our opinion, is sufficient to sustain a judgment on the common counts, it was unnecessary for appellees to prove their case under the first count. Consolidated Coal Co. v. Scheiber, 167 Ill. 539, and cases cited; Swift v. Rutkowski, 182 Ill. 18–22.

As to the second point, proof, in the first instance, that appellees were licensed real estate brokers, was unnecessary to a recovery under the common counts. There is no statute requiring a license by real estate brokers in the county, and we can only take notice that there is an ordinance of the city of Chicago requiring such license by a pleading or proof of such fact. There was no pleading on behalf of defendant nor proof in that respect, and we therefore are of opinion this claim is not tenable. Eckert v. Collot, 46 Ill. App. 362; Ry. Co. v. Klauber 9 Id. 613–9; R. R. Co. v. Godfrey, 71 Ill. 500; and Schendorf v. Gorman, No. 8449 of this court, not reported, in which last case it was held a license will be presumed in the absence of proof to the contrary.

As to the third claim, that appellees were not shown to be the procuring cause of the transaction which resulted in the sale of the property, the evidence shows, in substance, as follows: Appellant employed the appellees to make a sale of the property in question, and agreed that he would pay them the regular commission (which is agreed was three and one-half per cent upon the selling price) upon any deal which he might accept; one Martineau, who was an employe of appellees, presented the property in question for sale to a Mr. Monk, and gave to him a price of $45,000; Monk wrote out a memorandum of a proposition for the purchase from Munson, which Martineau took to Munson, but Munson said he would not accept it. Martineau reported this fact to Monk, when Monk asked who was Munson's attorney, whereupon Martineau told him that Mr. Hibben was his attorney, to which Monk replied that Mr. Hibben was *his* attorney. Monk then saw Hibben, and after negotiations between Monk, Hibben and Munson, which extended over a period from July to December, a sale was perfected, by which Monk became the purchaser of the property at the price of $44,000.

There is some conflicting evidence tending to show that appellees were not the procuring cause of the sale of the property to Monk, but when it is all considered, we can not

say that the verdict of the jury to the contrary is not sustained by the evidence, and are of opinion it should not be disturbed for that reason. Incidentally, it is claimed under this point that there was error in the court's rulings on evidence and instructions. We have examined these matters and think there is no reversible error in the respects claimed.

As to the fourth point, we think the evidence fairly shows that Martineau was the employe of appellees, and not a partner with them. The fact relied on as showing that he was a partner, viz., that by his arrangement with appellees he was to receive five-elevenths of the commissions, is entirely consistent with his being an employe and not a partner.

The judgment will therefore be affirmed.