## Robert Good v. Charles W. Lasher.

1. DENTISTS—*When Their Qualifications Under the Statute Will Be Presumed.*—Where the question of license or qualification of a dentist under the dental surgery act (Hurd's R. S. 1897, page 1079) arises collaterally in a civil action between the dentist and a party employing him, the license or due qualification under the law, to practice his profession, will be presumed.

2. APPELLATE COURT PRACTICE—*Entry of Judgments in Bar on the Merits in Appealed Cases.*—Where the trial of an action in the court below has been without a jury, the question of the amount involved not disputed and no defense is established, judgment will be entered in this court for the amount shown to be due, and costs.

Assumpsit, for professional services.   Appeal from the Circuit Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding.   Heard in this court at the March term, 1901.   Reversed, and judgment entered in this court.   Opinion filed January 30, 1902.

DAVID L. ZOOK, attorney for appellant.

WM. R. EVERETT, attorney for appellee.

MR. JUSTICE SEARS delivered the opinion of the court.

Appellant, who is a dentist, brought this action to recover for his professional services rendered for appellee and the wife and children of appellee.   The evidence established, without any conflict, that appellant was a practicing dentist, graduate of the Chicago College of Dental Surgery and Lake Forest University; that he had procured the license or certificate required by statute from the State Board of Dental Examiners, and that such certificate was dated May 17, 1892, and recorded in the office of the county clerk of Cook county on November 19, 1892.   There was no dis-

pute as to the amount and value of the services rendered
by appellant. The amount due is $158. The only defense
interposed was that by force of the statute appellant had
forfeited his license by failure to register the same with
the county clerk of Cook county during the period of six
months after its issue by the State Board of Dental Exam-
iners. The cause was submitted to the court for trial
without a jury. The court found the issues for the defend-
ant below, appellee here. We are of opinion that the court
erred in holding that upon the evidence in this record the
appellant could not recover for his services rendered. The
provision of the statute relied upon in defense is section 10
of the act regulating the practice of dentistry, which was
enacted in 1881, and is as follows:

" Any person who shall be licensed by said board to
practice dentistry shall cause his or her license to be regis-
tered with the county clerk of any county or counties in
which such person may desire to engage in the practice of
dentistry, and the county clerks of the several counties in
the state shall charge, for registering such license, a fee of
twenty-five cents for each registration. Any failure, neg-
lect or refusal on the part of any person holding such
license to register the same with the county clerk, as above
directed, for a period of six months, shall work a forfeiture
of the license, and no license, when once forfeited, shall be
restored, except upon the payment to the said board of ex-
aminers of the sum of $25, as a penalty for such neglect,
failure or refusal."

Evidently the General Assembly intended to impose the
forfeiture upon one who should hold the certificate or
license for a period of six months after receiving the same.
The act does not provide that the forfeiture shall apply if
no registry is made within six months from date of issue
of license. A later modification of the act, enacted in 1899,
does so provide (see paragraph 44, Chap. 91, R. S. 1899),
but at the time in question the act merely imposed a for-
feiture upon one " holding " the license for six months
without registering it. There is no evidence in this record
to determine when appellant received his license. It may
have been within six months of the date of its registry with

the county clerk. The presumption is, in the absence of proof to the contrary, that it was within that period, for the presumption is in favor of the legality and regularity of the proceeding. Williams v. People, 20 Ill. App. 92; City v. Wood, 24 Ill. App. 40; American, etc., Bank v. Gregg, 37 Ill. App. 425; Shendorf v. Gorman, 86 Ill. App. 279; Munroe v. Finno, 87 Ill. App. 655.

In Williams v. People, *supra,* this court, through Mr. Justice McAllister, said:

" After a somewhat thorough examination of the authorities and full consideration, we are of opinion that the rules with their proper distinctions may be thus stated: Where the question of license or qualification of a physician arises collaterally in a civil action between party and party, or between the doctor and the one who employed him, then the license or due qualification under the statute to practice, will be presumed. McPherson v. Cheadell, 24 Wend. 15; Thompson v. Sayre, 1 Denio, 175; Pearce v. Whale, 5 Barn. & Cres., 38 Id. 758."

If the license was registered within six months of the time of receipt of it by appellant, then we are of opinion that it was not within the provision of the statute for forfeiture. The legislature evidently so interpreted its act, for it afterward modified it so as to provide that registry must be within six months of the date of the issue of the license—a modification which was entirely superfluous if the contention of the learned counsel for the appellee is correct.

We are of opinion that no forfeiture herein is shown as a defense to this suit. The trial was by the court without a jury. The amount due is undisputed. No defense was established. The court should have found the issues for the appellant and he should have had judgment for $158. Therefore the judgment will be reversed and judgment will be entered, in this court for $158 and costs against appellee.

Reversed, and judgment in this court.