County of·Jo Daviess v. Staples.

County of Jo Daviess v. G. A. Staples et al.

1. APPELLATE COURT PRACTICE—*Objection on Ground of Non-joinder or Misjoinder Can Not be Made Here for the First Time.*—Objection on the ground of non-joinder or misjoinder of plaintiffs can not be made in the Appellate Court for the first time.

2. PRACTICE—*Tender and General Issue Can Not be Pleaded at the Same Time.*—While inconsistent pleas can generally be filed under our statute, yet a party can not plead a tender of part of the sum declared for, and at the same time maintain a plea of the general issue to the whole declaration.

3. SAME—*What a Plea of Tender Involves.*—A plea of tender is a conclusive admission, and the defendant who files it is estopped by the record from denying he is indebted to the plaintiff in the sum named in the plea.

4. PRESUMPTIONS—*That a Physician is Licensed.*—In a suit for professional services a license or due qualification under the law will be presumed.

5. SAME—*That the Common Law Prevails in a Sister State.*—In the absence of proof it is presumed that the common law prevails in a sister state.

Assumpsit.—Appeal from the Circuit Court of Jo Daviess County; the Hon. RICHARD S. FARRAND, Judge presiding. Heard in this court at the April term, 1903. Affirmed. Opinion filed June 8, 1903.

J. C. BOEVERS, state's attorney, and W. SPENSLEY, attor-neys for appellant.

M. H. CLEARY, attorney for appellees.

A plea of tender admits the issue of facts set up by the pleadings and the only question to be determined is the amount of the damages. Chic. Grt. West. Ry. Co. v. Hogan, 56 Ill. App. 578; Frew v. I. C. R. R. Co., 57 Ill. App. 43; Monroe v. Chaldeck, 78 Ill. 431, citing Chitty on Contracts, page 793, with approval.

Where the question of license or qualification of a physi-cian arises collaterally in a civil action between party and party, or between doctor and one who employs him, then the license or due qualification under the statute to practice will be presumed. Williams v. People, 20 Ill. App. 92; Good v. Lasher, 99 Ill. App. 655; City of Chicago v. Wood, 24 Ill. App. 42; Shendorf v. Gorman, 86 Ill. App. 280; McPherson v. Cheadell, 24 Wend. (N. Y.) 15; Horan v. Weiler, 41 Pa. St. 470.

MR. JUSTICE DIBELL delivered the opinion of the court.

Dr. U. S. Louis (or Lewis) is a physician and surgeon practicing his profession in East Dubuque in Jo Daviess county, Illinois. In 1901 he was called to visit a Mrs. Lizzie Weihe of that place and found her in a condition requiring a serious surgical operation to save her life. She and her husband were unable to meet the expense, though they were not paupers. East Dubuque is in the town of Dunleith. Dr. Louis brought the matter to the attention of M. J. Platt, the supervisor of that town and overseer of the poor. The supervisor was informed the operation should be performed at Finley Hospital, across the river in Dubuque, Iowa, and that Dr. Louis would require assist-ance. The supervisor directed Dr. Louis to have the opera-tion performed, and he intended thereby to bind the county. The only controversy between Dr. Louis and the supervisor is whether the former indicated to the latter that the charges would be light; and that controversy must be regarded as settled in favor of Dr. Louis by the verdict of the jury.

On the same day Mrs. Weihe was taken to the hospital. Dr. Louis engaged Dr. J. C. Hancock and Dr. G. A. Staples, physicians and surgeons at Dubuque, who were partners, to assist him. When the time for the operation came Dr. Staples, who had agreed to be present, failed to appear, and the others called in Dr. E. R. Louis, of Dubuque, and he assisted at the operation. It is sufficient to say of the operation, which need not be described here, that it was an exceedingly difficult one, and one which might easily result in the death of the patient, and that it required great skill and care. After the operation Mrs. Weihe was necessarily treated by these surgeons about eleven weeks, one month twice a day, the next month once a day, and the rest of the time every two or three days. The operation was entirely successful. The patient's life was saved and she was restored to health.

This is a suit brought by Dr. U. S. Louis, Staples and Hancock, against the county to recover compensation for said services. The record discloses that the original declaration contained a first count for services to another patient, and a second count for services to Mrs. Weihe; that there was a prior trial of the cause resulting in a verdict for defendant; that the court refused a new trial as to said other cause of action but granted it as to the second count, and entered judgment against plaintiff for half the costs to that date. Whether the court had power to deny a new trial as to one count while granting it as to another count, is a question not presented for decision. The first count and the prior orders are omitted from the record, but at this trial defendant introduced proof of what had before occurred. After the new trial had been granted defendant filed new pleas, to wit, the general issue and a plea of a tender of $150 and $10.40 costs, and that the same was brought into court for plaintiffs. Plaintiffs demurred to the plea of the general issue, and that demurrer was sustained. To the second plea plaintiffs replied denying the tender, and defendant filed a *similiter* to said replication. There was a jury trial. It was proven without dispute that the serv-

ices rendered were worth at least $500 or $600. The jury rendered a verdict for plaintiffs for $500. Plaintiffs had originally rendered a bill against the county for $300 for said services to Mrs. Weihe. They remitted $200 from their verdict, and had judgment for $300. Defendant appeals. The record discloses that in Jo Daviess county the poor are supported by the county. It is not denied that the county is liable for the services rendered to Mrs. Weihe, except so far as that question is involved in the controversy between Dr. Louis and the supervisor as to whether the latter was given to understand the charges would be light.

It is argued that as Dr. Staples performed no service he was not a proper plaintiff, and that as Dr. E. R. Louis assisted at the operation he should have been joined as a plaintiff. Defendant did not plead non-joinder or mis-joinder of plaintiffs. Defendant could not have been taken by surprise at the trial (as suggested in argument here) for it must be assumed all the facts were disclosed at the former trial. Defendant did not raise this point in the court below either by pleading, objection to testimony, motion, instructions, or even by the motion for a new trial. As to Dr. Staples, it was his firm that was employed, and by virtue of his partnership he has the same interest in the cause of action that his partner has. If the question whether Dr. E. R. Louis was a necessary party plaintiff had been raised below it may be it would have been shown that the firm of Staples & Hancock engaged him to take Dr. Staples' place at the operation, or that for some other reason the county is not liable to him. Defendant can not raise these questions for the first time in this court. Besides, the plea of tender was an admission in the court below that defendant was liable to these plaintiffs in this action for their treatment of Mrs. Weihe to the extent of the sum tendered. Defendant could not be held liable to plaintiffs jointly to that extent, and yet not liable to them if the treatment was worth more than the sum tendered.

Perhaps the better practice would have been to strike

the plea of the general issue from the files rather than to sustain a demurrer to it, but the effect would have been the same. But, while inconsistent pleas can generally be filed under our statute, yet a party can not plead a tender of part of the sum declared for, and at the same time maintain a plea of the general issue to the whole declaration, as this plea was. (1 Chitty's Pl. 560, 561; 3 Chitty's Pl. 922, note; Puterbaugh's Common Law Pl. & Pr., 7th Ed., 214.) A plea of tender is a conclusive admission, and the defendant who files it is estopped by the record from denying he is indebted to the plaintiff in the sum named in the plea. (Monroe v. Chaldeck, 78 Ill. 429.) Defendant had a right to file a plea of the general issue except as to the sum of $150, parcel of the sum mentioned in plaintiff's declaration, and $10.40 costs. The proper form of such qualified plea of the general issue accompanying a plea of tender is given in 3 Chitty's Pl. 922, and in Puterbaugh's, at page 213 of the seventh edition. The demurrer was special and called direct attention to this defect, and defendant could have then filed a qualified plea of the general issue if it had desired. Further, the case was tried as if defendant had filed such a plea of the general issue as to all but $150 of plaintiffs' demand. Defendant introduced proof and obtained instructions to which it was not entitled, in the absence of such a plea. In effect, defendant had the benefit of an oral plea denying all plaintiffs' demand except $150.

Defendant argues the only issue tried was on the replication denying the tender; and that the proof showed a tender made and brought into court and ratified by the county board; and therefore the only verdict warranted by the proof was for defendant on the plea of tender. The second count of plaintiffs' declaration averred plaintiffs were entitled to recover $500 for the services therein specified. The plea of tender did not profess to answer all that count but only averred that as to $150, parcel of the sum in said second count demanded, plaintiffs ought not to maintain their action because defendant had tendered that sum and the accrued costs, and had brought the tender into court

for plaintiffs. Plaintiffs replied denying the tender, which replication was based upon the fact that the state's attorney tendered more than the county board had authorized, though it afterward ratified his act. This plea of tender was addressed only to $150 of plaintiffs' demand. It made no answer to the second count as to the sum therein demanded above $150. Plaintiffs could not properly reply that defendant owed it the sums claimed in the declaration above $150, for that would be to attempt to traverse matter which the plea did not allege. The plea of tender only set up a defense as to $150, parcel of the sum demanded, and the replication could not be broader than the plea. If the tender was by sufficient authority, then if the jury had found only $150 due plaintiffs, their verdict would have been for defendant on the plea of tender, and defendant would have had judgment, and plaintiffs would have been entitled to receive the tender from the clerk. The jury found more than $150 due plaintiffs; and hence it was immaterial whether or not $150 and the accrued costs were tendered by authority. Either defendant was in default as to all sums claimed in the second count in excess of $150 ior t was allowed an oral plea of non-assumpsit thereto. In either case the verdict defeated the plea of tender, and plaintiffs were entitled to an assessment of damages by the jury.

The second count averred plaintiffs were "legally qualified to practice medicine and surgery at the time when and place where said services were rendered." The services were rendered in Iowa. There was no proof whether the statutes of Iowa required any license to entitle a person to practice medicine and surgery in that state, or prescribed any prior test of any kind, nor that plaintiffs had taken out any such license or complied with any such requirement. Defendant insists that for failure to prove that allegation the verdict can not stand. This question was not raised in any manner in the court below, by objection, motion or instruction. The plea of tender was an admission of plaintiffs' right to sue for the sum tendered. While it was held in City of Chicago v. Honey, 10 Ill. App. 535, that in this

state an unlicensed physician can not recover fees for his professional services, yet the current of judicial decision in this state appears to be that in a suit for such services a license or due qualification under the law will be presumed. (Williams v. The People, 20 Ill. App. 92; City of Chicago v. Wood, 24 Ill. App. 40; Shendorf v. Gorman, 86 Ill. App. 276; Good v. Lasher, 99 Ill. App. 653.) Some doubt is cast upon those cases by what is said in North Chicago St. Ry. Co. v. Cotton, 140 Ill. 486, and in Tichenor v. Newman, 186 Ill. 264, though this point was not there presented for decision. But further, the laws of Iowa were not proven. In the absence of proof it is presumed the common law prevails in a sister state. (Schlee v. Guckenheimer, 179 Ill. 593.) At common law a surgeon could recover for his services. (2 Chitty on Contracts, 11th Am. Ed. 836.) In a note to the page just cited it is said:

"Where there is no restraint imposed by statute, physicians and surgeons in the American states have the same right as others to the benefit of that great principle of the common law that when services are performed on request, and no special agreement is made in reference to them, the law raises an implied promise to pay so much as the person performing them deserves to have, and an action lies upon such promise."

The judgment is affirmed.