## Josephine Brunswick v. H. P. Hurley.

### Gen. No. 12,957.

1. PHYSICIAN AND SURGEON—*when license not essential to recovery of fees.* The fact that a physician and surgeon is not licensed to practice in Illinois is not material where the action is predicated upon notes given for services rendered.

2. JUDGMENT BY CONFESSION—*when will not be vacated.* A motion to vacate a judgment by confession is directed to the conscience of the court, and will not be allowed for errors of law, but only where a defense upon the merits clearly appears from the affidavits admissible in support of such motion. Errors of law are waived by the letter of attorney in power of which the judgment is entered.

Judgment by confession. Appeal from the Circuit Court of Cook county; the Hon. MERRITT W. PINCKNEY, Judge, presiding. Heard in this court at the March term, 1906. Affirmed. Opinion filed January 21, 1907. Rehearing denied January 31, 1907.

OTTO GRESHAM, for appellant.

DELAVAN B. COLE, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

The relation of physician and patient existed between the parties at the time of the transaction in controversy. Mrs. Brunswick, with her husband, went to the office of Dr. Hurley for treatment in October, 1905. A physical examination of Mrs. Brunswick by the doctor, at that time, disclosed that she was suffering from chronic endometritis with complications. In accepting Mrs. Brunswick as a patient for treatment, Dr. Hurley informed her that a surgical operation was necessary in order to effect a permanent cure, but consented to try and effect a cure without resorting to surgery. For a time such treatment was pursued, and while Mrs. Brunswick's health seemed to improve under the treatment, her condition was not satisfactory, and on November 20,

1905, all parties concluded on a surgical operation
for Mrs. Brunswick. Thereupon there was some talk
about fees between the doctor and Mrs. Brunswick
and her husband, and finally the amount of the
doctor's fee was settled at $150. Requests for pay-
ment on account were made of the husband of ap-
pellant, but he failed to respond. Appellee pressing
for payments was informed by appellant, in effect,
that her husband was financially irresponsible; that
she was possessed of some property, and in receipt
of an income of $50 a month from it, and she agreed
to pay the fee in instalments by giving notes pay-
able monthly, seven for $20 each and one for $10.
The notes, in this record, were given upon the eve
of appellant's being taken to a hospital to undergo
a surgical operation in an attempt to cure her from
the afflictions from which she was then ' suffering.
There does not appear to have been any talk between
the parties as to the character of the notes to be
given, but those in the record with power of attor-
ney to confess judgment, were executed by appel-
lant without objection on her part, and without
any representation on the part of Dr. Hurley, or any
other person, as to their character or effect, and
while it undoubtedly is true that appellant was not
strong at the time she signed the notes, the agree-
ment to give notes in the amounts and payable at
the times of those in the record was made some time
before and between all the parties interested, includ-
ing the husband of appellant. There is nothing in
this record disclosing any arts practiced or subter-
fuges resorted to, to prevent appellant from scruti-
nizing the notes she signed, and fully informing her-
self as to their contents, and in these circumstances
the law imputes to her knowledge of the import of
her act in signing and delivering these notes in the
way she did.

The operation was performed as agreed, and ap-
parently with good effect, until for some reason, not

appearing, the husband of appellant lost confidence in appellee and put other medical men in charge of his wife's case. Appellee, having no other alternative, withdrew from the case. These complications, it would seem from the record, were created by the husband without the connivance or consent of appellant. Appellee then caused a judgment to be entered upon the eight notes for principal and attorney's fees, amounting to the sum of $175. A motion made by appellant to vacate this judgment and recall the execution issued thereon being denied, this appeal was prayed.

The question here presented for our judgment is whether the denial by the trial court of the motion of appellant to vacate and set aside the judgment and recall the execution issued thereon from the sheriff was an abuse of sound judicial discretion.

The *gravamen* of the charge against appellee in the motion and affidavits filed, seems to be that he is a "tramp doctor," but upon what such charge is based is vague and wholly without force or relevancy, as it does not appear that his ability as a surgeon was affected by his being a "tramp doctor," or that he had been guilty of malpractice toward appellant either in his medical treatment of her or in the surgical operation upon her. It does appear, however, that appellee is a registered physician in several states, and has practiced his profession at times in the States of Ohio, Michigan and Illinois, but nothing in the affidavits filed affect in any degree his reputation or character as such practitioner. There is no fact stated in any of the affidavits filed from which a conclusion can be drawn that the medical or surgical services rendered by appellee for appellant, were unskilful and not in accordance with approved methods governing like cases. There is no merit in the defense challenging the efficiency of the service rendered as the consideration for the notes given. There is no fact stated in any of the affidavits affect-

ing the character of the Lincoln Park Hospital as not being a suitable and proper place in which to operate upon, nurse and treat appellant or any other person suffering in like manner, and certainly no fact stated which brings home knowledge to appellee that the Lincoln Park Hospital was not entirely suitable and a proper institution in which to place and treat appellant at the time he advised her to become an inmate.

The merits of the case disposed of leaves the principal question raised, that the appellee was not, at the time of rendering the service to appellant, a duly licensed practitioner of medicine and surgery under a certificate issued by the State Board of Health, and filed with the county clerk, as required by the statutes of this state.

In the first place, we think the question arises collaterally and is immaterial. The suit was not for fees for services rendered as a physician and surgeon. The fee question had been settled by the giving of the notes. The services for which the notes were given had been rendered at the time of entering the judgment. It would not be necessary on a trial under issue joined for appellee in the first place to give any evidence other than the notes, to entitle him to recover. If the question was a material one, it was the subject of defense, although there is abundant evidence in this record that appellee was a physician and surgeon.

This court held in Good v. Lasher, 99 Ill. App. 654, in the case of a dentist, who is likewise required to be licensed by a similar statute before he is qualified to practice dentistry, that where the question of license arises in a civil action between the dentist and his patient, it is collateral and that the license and due qualification to practice will be presumed; and on page 655 quoted with approval from the opinion of Mr. Justice McAllister in Williams v. People, 20 Ill. App. 92, as follows: ''Where the question of

Brunswick v. Hurley.

a license or qualification of a physician arises collaterally in a civil action between party and party, or between the doctor and the one who employed him, then the license or due qualification under the statute will be presumed." This is controlling here.

To a similar effect is N. C. St. Ry. v. Cotton, 140 Ill. 486, where the question arose collaterally, as we hold it does in the case at bar.

·Furthermore, the excluded affidavit of Gresham does show that appellee's certificate from the State Board of Health licensing him to practice as a physician was dated September 1, 1905, prior to the date when the surgical operation was performed upon appellant, but as to how long Hurley received it before filing it with the county clerk, December 4, thereafter, the record is silent.

A motion to vacate a judgment by confession is directed to the conscience of the court, and will not be allowed for errors of law, but only where a defense upon the merits clearly appears from the affidavits admissible in support of such motion. Errors of law are waived by the letter of attorney in power of which the judgment is entered. Blake v. State Bank of Freeport, 178 Ill. 152; Mumford v. Tolman, 157 Ill. 258, affirming this court in same case, 54 Ill. App. 471; Georgen v. Schmidt, 69 Ill. App. 538.

The setting aside of a judgment by confession rests in the sound discretion of the court. Blake v. State Bank of Freeport, *supra*.

The record fails to disclose facts from which we are able to say that the order denying the motion of appellant to vacate the judgment was an abuse of the sound discretion reposed by law in the trial judge, and the judgment of the Circuit Court will be affirmed.

*Affirmed.*