## Charles G. Bird, Appellant, v. Edith G. Trench, Appellee.

### Gen. No. 30,475.

1. BROKERS—*proof of compliance with statute requiring registration as part of prima facie case in action for commission.* It is not necessary for a real estate broker to show, as part of his prima facie case in his action to recover commission for services, that at the time of rendering such services he had procured a certificate of registration, as required by Cahill's St. ch. 17a, ¶¶ 1, 2.

2. LICENSES—*presumption as to license or registration where question only collaterally involved.* Even where the requirement as to the procuring of a license or of a certificate of registration is laid down in a statute, the presumption will be that such license has been procured or that registration has been had in compliance with such statute, until the contrary is shown, in any case where the question arises only collaterally, such as in a suit by one subject to such statute to recover fees, commissions or other compensation.

Appeal by plaintiff from the Circuit Court of Cook county; the Hon. WALTER BREWER, Judge, presiding. Heard in the third division of this court for the first district at the October term, 1925. Reversed and cause remanded. Opinion filed May 5, 1926.

PERLEY H. BISHOP, for appellant.

WILLIAM D. KERR and GUY M. BLAKE, for appellee.

MR. PRESIDING JUSTICE THOMSON delivered the opinion of the court.

The plaintiff brought this action against the defendant seeking to recover $2,000 which he claimed was the

customary and reasonable commission due him from the defendant in payment of his services in procuring a purchaser of her property, at the price she placed upon it, such purchaser having been procured and having entered into a written contract to purchase the property on the terms which the defendant had named. After such purchaser had been secured and had executed a contract, the defendant declined to sign it and refused to sell her property. At the conclusion of the plaintiff's case, the court directed a verdict for the defendant and entered judgment against the plaintiff. To reverse that judgment the plaintiff has perfected this appeal.

The sole question presented for our decision is whether it was necessary for the plaintiff to show, as part of his prima facie case, that at the time he purported to serve the defendant as real estate broker he had procured a certificate of registration, as required by the State statute. That statute [Cahill's St. ch. 17a, ¶¶ 1 and 2] provides that "on and after January 1, 1922, it shall be unlawful for any person to act as a real estate broker  *  *  *  or to advertise or assume to act as such real estate broker  *  *  * without a certificate of registration," and further, that: "A real estate broker within the meaning of this Act is any person  *  *  *  who for a compensation or valuable consideration sells or offers for sale  *  *  *  or negotiates the purchase or sale or exchange of real estate  *  *  *  for others."

The plaintiff admits that he could not recover in this action if it had been proven on the trial of the case that at the time he acted for the defendant he did not have a certificate of registration as required by the statute. But he contends that if that were the situation, it was incumbent upon the defendant to prove it and that it was not a part of his prima facie case to show that he had secured the certificate of registration as required by the statute.

In our opinion it was not necessary for the plaintiff to present evidence in the first instance tending to show that he had complied with the State law as to registration, for under the decisions, this is a matter which would be presumed in such a case as the one at bar, until the contrary was shown. Some confusion has arisen over the question of when the matter of having procured a license or registration, as the existing State law requires with regard to real estate brokers, is directly involved, and when it is only collaterally involved. Where, under a law similar to the one applicable here, a person is prosecuted for failure to comply with the requirements of the law, the question of whether he has or has not so complied is directly involved. But where such a person is suing for his commission or fee or other compensation, that matter is only collaterally involved.

In *Williams v. People*, 20 Ill. App. 92, a doctor was indicted on a charge of practicing medicine without having complied with the State law which required him to obtain a certificate of qualification from the State Board of Health, or a certificate from said board as to the genuineness of a diploma of some medical college. There, the question was presented directly. In the course of the opinion in that case, this court observed that: "Where the question of license or qualification of a physician arises collaterally in a civil action between party and party, or between the doctor and the one who employed him, then the license or due qualification under the statute to practice, will be presumed," citing cases. In *Munson v. Fenno*, 87 Ill. App. 655, real estate brokers were suing to recover their commissions. There this court held that the plaintiffs were not required to submit proof in the first instance, that they were duly licensed. They sought to recover under the common counts and also a special count, in which they alleged that at the time in question they were real estate brokers, duly licensed as such. In

that case a statute was not involved, for at that time there was no statute on this subject, but the law requiring a license was contained in a city ordinance. In that case the court seems to have disregarded the special count. In the case at bar, the plaintiff filed only the common counts with a copy of the account sued on and an affidavit of claim, in which no reference is made to the question of whether plaintiff was a duly licensed or registered broker. In *Good v. Lasher,* 99 Ill. App. 653, a dentist was suing to recover compensation for his professional services rendered to the defendant and his family. That case involved a State statute requiring one practicing dentistry to procure a license from the State Board of Dental Examiners, and register the same with the county clerk in the county in which he practiced. The law further provided that a failure to so register a license for a period of six months should work a forfeiture of the license. In that case the evidence showed that the plaintiff had procured the necessary license on May 17, 1892, and that it had been registered with the county clerk of Cook county in November 19, 1892. The court pointed out that the statute indicated an intention upon the part of the legislature to impose a forfeiture upon one who held his certificate or license for a period of six months after receiving it, without registering it, and that there was no evidence to show when the plaintiff had received his license and that he might have received it within six months of the date of its registration. This court then said: "The presumption is, in the absence of proof to the contrary, that it was within that period, for the presumption is in favor of the legality and regularity of the proceeding," citing cases. In *County of Jo Daviess v. Staples,* 108 Ill. App. 539, the court said that "the current of judicial decision in this state appears to be that in a suit for such services a license or due qualification under the law will be presumed," citing cases. "Some

doubt is cast upon those cases by what is said in *North Chicago St. Ry. Co. v. Cotton,* 140 Ill. 486, and in *Tichenor v. Newman,* 186 Ill. 264, though this point was not there presented for decision.'' The two cases last referred to are relied upon in the case at bar by the defendant. In *Brunswick v. Hurley,* 131 Ill. App. 235, the principal question raised was that the plaintiff, who was a physician, was not a duly licensed practitioner of medicine and surgery under a certificate issued by the State Board of Health, and filed with the county clerk, as required by the statutes of the state, at the time he rendered his services to the defendant, which were the basis of the claim he was making for compensation. Some judgment notes had been given by the defendant in that case and the plaintiff had taken judgment upon them. The court held that the fee question had been settled by the giving of those notes and therefore the question of whether the plaintiff was a duly licensed physician, under the State law, was not material, but the court added: ''If the question was a material one, it was the subject of defense,'' citing cases above referred to with approval. In *Woodley v. Zeman,* 178 Ill. App. 369, a contractor was suing for a balance which he claimed was due him, and one objection raised by the defendant on appeal was that the record did not show that at the time the contract there involved was made, the plaintiff had a license from the city authorizing him to do business as a mason contractor. This court there said: ''The question of a license is one collateral to the suit, and it has many times been held that in such circumstances the issuance of a license will be presumed unless proof to the contrary is presented by the other party to the litigation,'' citing cases. In *Beckers v. City of Kankakee,* 213 Ill. App. 538, which was a suit by a lawyer to recover fees he claimed were due him from the defendant for legal services rendered by him, the defendant contended that the plaintiff had failed to

aver or prove that he had been licensed to practice law in the State of Illinois and that, therefore, the judgment he had recovered could not stand. In the course of the opinion in that case the court referred to a number of cases, including those we have hereinabove cited, and said, "where a lawyer, physician, dentist and the like, is required by law to take out a license in order to permit him to practice his profession, in a suit by him to recover fees or compensation for services rendered, it will be presumed that he has such license until the contrary appears." Again in this case the court referred to the two cases relied upon in the case at bar which we have already mentioned, saying: "Some doubt is cast upon the correctness of these decisions (the decisions the court was following) by what was said in *North Chicago St. Ry. Co. v. Cotton,* 140 Ill. 486, and in *Tichenor v. Newman,* 186 Ill. 264, expressing a different view, but in each of those cases the suit was not by a professional man against his patient or client for his compensation, and what was there said on the present subject was by way of illustration only, and the point here under consideration was not there involved and could not be decided."

In *North Chicago St. Ry. Co. v. Cotton, supra,* a question arose as to the admissibility of the testimony of a doctor called by the plaintiff as a witness. The court said that the case before it was one between third parties where the question of whether the doctor who was called as a witness was duly licensed to practice his profession arose only collaterally. The court then added: "If he were himself suing to recover for his professional services, he would doubtless be required to show affirmatively his compliance with the law," intimating that in the latter situation, the question of whether the doctor was duly licensed as required by the statutes would be involved directly and not collaterally. In the case of *Tichenor v. Newman, supra,* one doctor was suing another on a part-

nership agreement to which they were both parties, and the court said it was not essential to the right of the plaintiff to maintain his action, that he should affirmatively show that he had been licensed as required by the State statutes. The court then said that "the relation of physician and patient did not exist between the parties, and the action was not for the recovery of the fees or charges of a physician," thus intimating that if such were the case the rule would be otherwise. In our opinion, such doubts as these cases may be considered as having raised on the question now before us have been removed by the Supreme Court by its decision in *Abhau v. Grassie,* 262 Ill. 636, where a building contractor was seeking to foreclose a mechanic's lien against the property of the defendant, and the court pointed out that the record contained no evidence on the question of whether the complainant had a contractor's license as required by the city ordinance and that no proof had been offered by either party on that subject. Among other things, it was contended by the defendant that the burden rested upon the complainant to show that he had such a license. On that question the Supreme Court said: "The general rule is that the burden of proof rests upon the one who substantially asserts the affirmative of the issue, *  *  *. The weight of authority is, that whoever asserts a claim or defense which depends upon a negative must establish the truth of the allegation, *  *  *. It is, however, sometimes stated, that where the subject-matter of a negative averment lies peculiarly within the knowledge of the other, the averment is taken as true unless it is disproved by that other party. *  *  * It is not easy to lay down a general rule by which it may be readily determined upon which party the burden of proof will lie when a negative is averred in the pleading. Each case depends upon its own peculiar circumstances. *  *  * The authorities are not all in harmony as to who has

the burden of proof on the question whether one of the parties is duly licensed to practice a certain profession or to do a certain class of business. * * * Where the question arises directly on an indictment or in a penal action for violating the statute, where the prosecution is on behalf of the public, the authorities all agree that the burden of proof rests upon the defendant. * * * The weight of authority, however, is to the effect that where the question of such a license is only collaterally involved, the license will be presumed unless proof to the contrary is presented by the other party.''

In view of the foregoing authorities, we are of the opinion that even where the requirement, as to the procuring of a license or of a certificate of registration, is laid down in a statute, the presumption will be that such a license has been procured or such registration has been had in compliance with such statute, until the contrary is shown, in any case where the question arises only collaterally, as is the case in a suit by one subject to such statute, seeking to recover his commissions, fees or other compensation.

The judgment of the circuit court will, therefore, be reversed and the cause will be remanded to that court for further proceedings not inconsistent with the views herein expressed.

*Judgment reversed and cause remanded.*

TAYLOR and O'CONNOR, JJ., concur.