### Walter Woodley, Defendant in Error, v. Leopold Zeman, Plaintiff in Error.

### Gen. No. 15,272.

MUNICIPAL COURT—*when judgment reversed.* If from a consideration of the transcript the Appellate Court is not satisfied that substantial justice has been done by the judgment rendered a reversal will be awarded.

Error to the Municipal Court of Chicago; the Hon. STEPHEN A. FOSTER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Reversed and remanded. Opinion filed January 6, 1911.

H. M. PIERCE, for plaintiff in error.

WOLFSOHN & WALLBRUNN, for defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

This writ of error brings before us the record and judgment in an action brought by Walter Woodley, defendant in error, against Leopold Zeman, plaintiff in error, in the Municipal Court of Chicago, to recover for money claimed to be due from the plaintiff in error under a contract between the parties for the mason work of a building. The trial resulted in a

verdict and judgment against the plaintiff in error for $550.

The main controversy in the case related to the use by Woodley of old walls on the property in the foundation for the new building, and the amount to be deducted therefor from the contract price.

The witness I. D. Zeman, called by plaintiff in error, testified to negotiations between himself, representing the plaintiff in error, and the defendant in error for the purpose of settling the amount of the allowance to be made by Woodley for using the old walls, and that Woodley said he would allow $411.40 for the south wall, $88.22 for the north wall, and $56.60 for the east wall. The witness said he made memoranda at the time, and refreshed his recollection from a paper, which appeared on his cross-examination not to be the original memoranda made at the time, but merely a copy. Thereupon the attorney for defendant in error moved to strike out all his testimony as to the agreement and the court sustained the motion. The witness was then asked if he could bring in the original memoranda and the witness said he would in the afternoon. Thereupon the court said: "Very well." Later in the day the attorney for plaintiff in error during the trial told the court that the witness was in court and had the original memoranda with him and asked the court to allow him to testify regarding them, but the court refused to allow the testimony.

We think plaintiff in error's attorney and witness were led to believe that if they produced the original memorandum of these items later in the day, the witness would be allowed to testify, and that it was error to refuse to hear the testimony when it was offered.

If we could determine from the record that substantial justice had been done in the result reached we would not reverse for the error indicated. But we are unable to determine from the record that the judgment is just. It is clear that an allowance should be made to plaintiff in error for the use of the old walls

by defendant in error contrary to the provisions of the contract. As the record stands there is no evidence from which it can be determined how much should be deducted from the contract price for the failure of the defendant in error to take out the old and build new walls as provided in the contract. Defendant in error offered in evidence the contract, and a certificate of the architect which allowed deductions for the use of the old walls and for other claims amounting to $200 and rested his case, relying on the architect's certificate. This was not evidence of the amount to be allowed for the use of the old walls for the reason that by the provisions of the contract the architect had no authority to pass upon that question. That question was a matter for arbitration between the parties under the provisions of the contract, if they could not agree in regard to it.

There is evidence in the record tending to show that the parties met in the architect's office and agreed on $200 as the amount which should be allowed. This is, however, flatly contradicted and denied. If the jury believed such an agreement had been made and had rendered a verdict accordingly there would have been some basis for sustaining the judgment, for plaintiff in error could not complain of it. The verdict, however, does not indicate that the jury believed there was such a settlement or adjustment between the parties, for the amount of the verdict is not based upon such a settlement.

The judgment is therefore reversed and the cause is remanded for a new trial.

*Reversed and remanded.*

MR. JUSTICE BALDWIN took no part in the decision of this case.