Walter Woodley, Defendant in Error, v. Leopold Zeman, Plaintiff in Error.

Gen. No. 18,133.

1. LICENSES—*mason contractor*. The question whether plaintiff had a license to do business as a mason contractor is a collateral one in an action on a contract for mason work, and the issuance of such license will be presumed unless the contrary fact is specially relied on as a defense and proved in the trial court.

2. BUILDING AND CONSTRUCTION CONTRACTS—*fire wall*. Where work is done in the construction of a building in accordance with the

plans upon which the license to build was issued, the contractor has no part in a violation of a city ordinance relating to fire walls.

3. BUILDING AND CONSTRUCTION CONTRACTS—*mason work*. Finding of a jury that a contract for mason work had been completed according to specifications, affirmed.

Error to the Municipal Court of Chicago; the Hon. HOSEA W. WELLS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1912. Affirmed. Opinion filed March 25, 1913. Rehearing denied April 1, 1913.

E. C. MAPLEDORAN, for plaintiff in error.

ISADORE WOLFSOHN, for defendant in error.

MR. PRESIDING JUSTICE CLARK delivered the opinion of the court.

In this case recovery was had, after a trial before the court and a jury, for the balance due under a contract between the parties for the mason work upon a building, the amount being fixed by the final certificate of the architect. The case has had one review in this court,—Woodley v. Zeman, 159 Ill. App. 412.

The first point urged for reversal is based on the claim that the plaintiff did not perform his contract. The contract provided for the furnishing of materials and performing all the mason work for a "three-story and basement store and flat building;" that the building should be constructed according to drawings and specifications prepared by one Ohrenstein, an architect. There is a dispute in the testimony as to whether or not the drawings introduced at the trial by the defendant were those upon which the work was done by the plaintiff. It seems that a license was issued for the construction of a three-story and basement store and flat building, and that afterwards changes were made whereby the upper floors were divided into two apartments or flats each, and it is the contention of the plaintiff that he performed the work by agreement made before such changes were made in

the plans. We have carefully read the record in the case and are unable to say that the finding of the jury as expressed in the verdict that the contract had been completed is erroneous. Nor are we able to say that any fraud was perpetrated by the plaintiff upon the defendant which should bar a recovery, as is claimed by defendant.

The principal question of fact in dispute is as to whether or not there should be any fire wall in the building. If the testimony of the architect is to be believed, the plans did not call for a fire wall, and it would seem that no fire wall was required in the specifications under which the work of the plaintiff was done. In other words, the work seemed to have been done in accordance with the plans upon which the license to build was issued. If this is so the plaintiff had no part in the violation of the city ordinance.

The fourth and last objection raised is that the record does not show that at the time the contract in question was made the plaintiff had a license from the city of Chicago authorizing him to do business as a mason contractor. In the affidavit filed by the defendant this was not relied upon as a defense. The question of a license is one collateral to the suit, and it has many times been held that in such circumstances the issuance of a license will be presumed unless proof to the contrary is presented by the other party to the litigation. Williams v. People, 20 Ill. App. 92; City of Chicago v. Wood, 24 *id*. 40; Shendorf v. Gorman, 86 *id*. 276; Good v. Lasher, 99 *id*. 653; County of Jo Daviess v. Staples, 108 *id*. 539; Brunswick v. Hurley, 131 *id*. 235. Even if the rule were to the contrary, the point should have been raised in the trial court.

The judgment will be affirmed.

*Affirmed.*