PH. MORTON *v.* IMPERIAL REALTY Co. *et al.**

(*Knoxville.*  September Term, 1915.)

1. **LICENSES.** ˙ Nonpayment of occupation tax.  Action on contract.  ˙

One pursuing an occupation defined as a privilege by statute cannot recover on a contract made in pursuance of the business, if he has not paid his privilege tax.  (*Post, pp.* 682, 683.)

Cases cited and approved:  Stevenson v. Ewing, 87 Tenn., 46; Haworth v. Montgomery, 91. Tenn., 16;  Cary-Lombard Lumber Co. v. Thomas, 92 Tenn., 593.

2. **LICENSES.** ˷ Nonpayment of occupation tax.  Pleading.

Where, in suit on a contract made in pursuance of a business defined as a privilege by statute, the defendant pleads that the plaintiff has not paid his privilege tax, the burden to,prove the fact so pleaded is on defendant, as the defense is essentially affirmative, and the plea evidence of extrinsic matter.  (*Post, p.* 683.)

3. **LICENSES.**  Nonpayment of occupation tax.  Evidence.

One suing on a contract made in pursuance of a business defined by statute as a privilege cannot be defeated by failure to pay his privilege tax, in the absence of some proof in the record showing his default.  (*Post, p.* 683.)

Cases cited and approved:  Margolys v. Goldstein, 96 N. Y. Supp., 185;  Salmon Co. v. Box Co., 158 Cal., 567;  Woodley v. Zeman, 178 Ill. App., 369.

---

FROM KNOX

---

Appeal from the Chancery Court of Knox County.— J. PIKE POWERS, JR., Special Chancellor.

BOWEN & ANDERSON, for appellant.

---

*The effect of failure to procure license for business on validity of contract therein, is discussed in notes in 16 L. R. A., 423, 1 L. R. A. (N. S.), 1159 and 12 L. R. A. (N. S.), 613.  ˙

GREEN, WEBB & TATE and HENRY HUDSON, for appellees.

MR. JUSTICE GREEN delivered the opinion of the Court.

In this case a bill was filed to recover for the erection and maintenance of certain signboards upon which the complainant advertised the business of defendant.

Complainant's business is declared to be a privilege and a tax imposed thereupon by the revenue statutes of Tennessee. The complainant did not show that he had complied with these statutes, nor did it appear that he had paid his tax or taken out the license required.

These matters were interposed by the defendants in an amendment to their answer and relied on as a bar to complainant's suit.

The court of civil appeals was of opinion that complainant was charged with the affirmative duty of showing compliance with the revenue law and payment of said tax before his suit could be maintained.

It is well settled that one pursuing an occupation, defined as a privilege by our statutes, cannot recover on a contract made in pursuance of that business, if it be shown he has not paid his privilege tax. *Stevenson v. Ewing*, 87 Tenn., 46, 9 S. W., 230; *Haworth v. Montgomery*, 91 Tenn., 16, 18 S. W., 399; *Cary-Lombard Lumber Co. v. Thomas*, 92 Tenn., 593, 22 S. W., 743.

It has been held that such a plaintiff will be repelled by the court when it appears from the proof that he has not complied with the provisions of the revenue

Morton v. Imperial Realty Co.

law, although his failure to comply has not been pleaded as a matter of defense. *Cary-Lombard Lumber Co.* v. *Thomas,* supra.

In the case referred to and in our other cases of this character there has been proof before the court of the failure of the plaintiff to pay the privilege tax. In this case there is no proof whatever on the subject. We cannot tell from this record whether the plaintiff has paid his privilege tax or not.

We think such a defense is essentially affirmative. Certainly when a plea of this character is introduced by a defendant, setting up a failure of plaintiff to comply with the revenue laws, such a plea introduces an extrinsic matter, and the burden of showing the facts so pleaded rests upon the defendant.

Whether proof of a failure of complainant to comply with the revenue laws would be admitted over objection, without some pleading to justify it, we need not determine. There must, however, be some proof in the record showing the default of a plaintiff in this respect before he can be repelled. Such is the general rule. 25 Cyc., 634; *Margolys* v. *Goldstein,* 96 N. Y. Supp., 185; *Salmon Co.* v. *Box Co.,* 158 Cal., 567, 112 Pac., 454; *Woodley* v. *Zeman,* 178 Ill. App., 369.

We are of opinion, therefore, that the court of civil appeals was in error in placing the burden of showing compliance with the revenue laws upon the complainant, and its decree in this respect is reversed. Other matters in the case have been dealt with in a memorandum opinion.