ELIZABETH GREEN RUGG v. T. C. GREEN, et al.

Eastern Section. March 26, 1926.

No petition for Certiorari was filed.

1. **Brokers.** Party insisting that broker is not properly licensed has the burden of proof.

In an action where the defendant denied a real estate agent's right to a fee on the ground that he was not qualified to carry on a real estate business, because of failure to pay privilege tax, held that such a plea was a defensive plea and must be established as a defense by the defendant.

2. **Appeal and error.** On appeal one will be presumed to have acted legally.

In an action denying a real estate agent's commission on the ground that he was not qualified as a real estate agent, where the record was silent

on the matter, held in the absence of any proof that the agent had failed to qualify it will be presumed that he was acting legally.

3. **Appeal and error. A party cannot appeal in part from the approval of a sale and insert new terms in the contract.**

In an action to confirm the sale of certain property of minors where-in a limited appeal was taken from only that part of the chancellor's decree allowing a real estate agent a commission held that the appellant could not complain of error since she had not appealed from the whole judgment, for the purchaser of the real estate was entitled to have his offer either accepted as a whole or rejected.

Appeal from Chancery Court, Hamilton County; Hon. W. B. Garvin, Chancellor.

Affirmed.

Cantrell, Meacham & Moon, of Chattanooga, for appellant.

C. C. Martin, Miller & Ballard and J. L. Levine, all of Chattanooga, for appellee.

PORTRUM, J.. The original bill in this cause was filed to confirm a sale negotiated by the equitable owners of certain business property in Chattanooga, Tennessee, which was owned by the complainant Mrs. Rugg, a tenant in common with the minor defendant T. C. Green, Jr.. The contract price was the sum of $50,000, of which $10,000 was to be paid in cash and the balance payable in installments over a period of six years. And out of the proposed price it was understood that a commission of three per cent was to be paid to the realtor securing the offer. The legal title to the property was held by a trustee, the American Trust & Banking Company, for the use of the owners. The court was asked to approve and confirm the contracted sale, as an advantageous one for the parties in interest, the bill having been filed for the manifest interest of the minor, and the pleadings later were enlarged to include a sale for partition.

After the institution of the suit and before the confirmation of the sale, one Charles A. Stewart, acting as the agent of N. P. Bacon, joined with him and filed an intervening petition, proposing to raise the bid, and become the purchaser of the property for the sum of $51,000, $30,000 to be paid in cash and the balance on or before five years from the date of the deed, conditioned upon the deduction from the purchase price of the cost of a guaranteed title, attorneys' fees incurred in the cost of the cause, the payment of outstanding taxes and of three per cent of the purchase price to the real estate agent acting for and on behalf of N. P. Bacon who was the said Charles A. Stewart. A bond was given to secure the faithful carrying out of this offer by N. P. Bacon and the court was asked to confirm the sale to Bacon and vest title in him. Thereupon the party making the original bid, raised his bid from $50,000 to $51,000

and after the customary reference the property was offered for sale at public outcry at an upset price of the amount bid of $51,000 when the Master reported that he received no bids in excess of the petitioner's bid. The court then adopted and ratified the bid of Bacon and divested the title out of the parties in interest and vested it in the purchaser, the said Bacon upon the terms and conditions provided in his offer of purchase. The complainant Mrs. Rugg answered the intervening petition contesting the petitioner's right to intervene and raise the bid and also denying every material allegation made therein, among others being the allegation that the said Stewart was a qualified and legally licensed real estate dealer; the court entertained the petition however, and ultimately confirmed the offer by accepting the proposal.

From this decree the complainant has prayed a limited appeal, all other parties being satisfied therewith and consenting to the decree. The words of the prayer for an appeal are as follows: "From so much of said decree as adjudges Charles A. Stewart entitled to a real estate commission of $1530 and from so much of said decree as accepts, ratifies, approves and confirms the offer of petitioner N. P. Bacon, in so far as said decree directs the payment of said real estate commission to C. A. Stewart, out of the purchase price, the complainant excepts and prays an appeal to the present term of the Court of Appeals in Knoxville, etc."

The assignment of error reads: "The Chancellor erred in holding Charles A. Stewart, the intervening real estate agent, to be entitled to a real estate commission."

The reason he is not entitled to a real estate commission, as contended by the appellant, is because he did not establish by proof that he was authorized to do a real estate business under the law, by paying license, etc. The appellee has filed a motion in this court asking that the case be remanded to the lower court, in order that justice may be done for the purpose of permitting him to prove that he was legally qualified and he has exhibited to his motion an affidavit and certain privileged tax receipts, in support thereof. It will be necessary to act upon the motion only in the event we conclude the chancellor was in error in passing the decree and allowing the commission because the agent had failed to prove that he was duly qualified.

It is established in this state that a plea of this character is a defensive plea, and a defensive plea ordinarily must be established as a defense by the defendant. In the case of Morton v. Imperial Realty Company, 133 Tenn., 681, the court held it to be the duty of the defendant to establish by proof that the complainant was not qualified to carry on a real estate business by a failure to pay his privilege tax; the court saying: "There must, however, be some proof in the record showing the default of the plaintiff in this re-

spect before he can be repelled. Such is the general rule. 25 Cyc. 634; Margolys v. Goldstein, 96 N. Y. Supp. 185; Salmon & Co. v. Box Co., 158 Cal., 567; Woodley v. Zeaman, 178 Ill. App., 369.''

Counsel insists that the cases cited in the text do not support the rule as stated in the next. We cannot enter into a review to determine this question but feel bound by the rule as laid down by the court. Even though the cases cited may not support the text, yet the reasons given in the opinion in support of the rule are impressive. The defense introduces an extrinsic matter and the burden of showing the facts should rest upon the defendant. The plaintiff in an action cannot be required to negative by proof every conceivable defense that might be asserted against his claim, it is much more practicable to require the defendant to establish all defences of an extrinsic nature. The fact that the intervening petition alleged that the agent was duly qualified and the answer thereto denied the allegation, does not change the rule of evidence and cast the burden upon the petitioner, for before the petition can be repelled there must be some proof of his default in the record, he is not required to produce the proof of default, that duty rests upon the defendant, for the law does not presume one to be a wrongdoer, and especially, a law-violator.

It is insisted that the defendant is relieved from this burden, and the rule laid down in Morton v. Imperial Realty Co., supra, does not apply to this case because the proof of qualification is a condition precedent to the maintenance of the right to recover upon the contract and the cases of Dixie Rubber Co. v. McGhee, 148 Tenn., 173, and Johnson v. Baker, 149 Tenn., 613, are cited as authorities for this position. It is true that the court said in the first case, which was quoted in the second case, using this language; ''Their filing (the information, etc., required by the act) is a condition precedent to its offer to make any contract, or the making of any contract with subscribers of its stock.'' This only means that when it is shown in the proof that the information etc., has not been furnished then the party is not qualified because the furnishing of the information was a condition precedent. This is not authority for the proposition that in the absence of any proof the court would assume that the information was not furnished. And upon an examination of the two cases it is found that the court had before it the evidence which affirmatively showed the information had not been furnished and the parties were not legally qualified. Since the parties in those cases brought forward the identical evidence required under the rule, the cases in no sense, can be said to be authority for the proposition that in the absence of any proof the court would assume the agent was exercising his vocation illegally.

We think the rule as applied in the case of Morton v. Imperial Realty Company, supra, is applicable in this case and in the absence of any proof that the agent had failed to qualify, then it will be presumed he was acting legally. We are further of the opinion that the complainant is in no position to make this question under her limited appeal. She could have appealed from the action of the court in ratifying and approving the petitioner's offer, and if successful on the point made by her assignment of error could have had the proposal disapproved, but she is in no position to accept the offer and then repudiate a part of its terms; he who made the offer was entitled to have it accepted as made or rejected. The agent was employed by Bacon, and it was a part of the offer that he be paid out of the purchase money, and for all we know this may have been a controlling inducement for the making of the offer; at any rate in fairness to him he was entitled to have his offer either accepted as a whole or rejected, and if accepted he was entitled to have the real estate agent, whom he had employed, paid the commission he had agreed upon with him. The complainant is in no position, by her objection, to increase the purchase price of her property $1500 over and above the price offered, she may as well have increased the price to the full sum offered by repudiating the other items and conditions contained in the offer. We find no merit in the assignment of error and it is overruled and the appellant will pay the cost of the appeal.

Snodgrass and Thompson, JJ., concur.