## J. W. CRUDGINGTON v. C. E. GALBRAITH, et al.

Eastern Section. March 19, 1932.

Petition for Certiorari denied by Supreme Court, June 4, 1932.

White & Leonard, of Knoxville, for appellant.
Devault & Dawson, of Knoxville, for appellee.

FAW, P. J.   This suit was begun by an original bill filed in the Chancery Court of Knox County on February 27, 1931, by J. W. Crudgington, as complainant, against C. E. Galbraith, Lillian D. Galbraith, Mrs. M. A. Thweatt, Alfred C. Adkins, trustee, J. P. Stanton, trustee, and J. W. Keller, as defendants. All the parties are citizens and residents of Knox County, Tennessee. All of the defendants filed answers to the bill, except defendant Alfred C. Adkins, trustee, and the bill was duly taken for confessed as to him.

The deposition of complainant Crudgington was filed in his own behalf. Defendant J. W. Keller filed his own deposition and that of the defendant Mrs. M. A. Thweatt. C. E. Galbraith filed his own deposition.

Upon the pleadings and proof made up as aforesaid, the Chan-

cellor pronounced a decree which is responsive to the issues made by the pleadings, and which contains a recital of the controlling facts of the case. Said decree (omitting the description therein of the land involved) is as follows:

"This cause came on to be heard on this the 11th day of September, 1931, before the Honorable Robert M. Jones, Chancellor, upon the whole record, including all pleadings and proof filed, and upon argument of counsel, from all of which the court is of the opinion, and accordingly orders, adjudges and decrees:

"That complainant is, the owner and holder of that certain negotiable note made by Chas. E. Galbraith and wife, Lillian D. Galbraith, on the 26th day of January, 1928, payable to the order of Mrs. M. A. Thweatt in the sum of One Thousand ($1,000) Dollars due one year after date; that Exhibit 'A' to the deposition of complainant is made up of the torn pieces of said note properly pasted together and constitutes the original note, the attempted destruction of the same by defendant, Mrs. M. A. Thweatt, having been ineffective; that there is due to complainant upon said note the principal of $1,000 together with interest since July 26th, 1930, amounting to $68, and attorneys' fees of $106.80, making a total of $1,174.80; that the defendants, Chas. E. Galbraith and wife, Lillian D. Galbraith, as the makers of said note are primarily liable thereon and the defendant, Mrs. M. A. Thweatt, who endorsed and transferred said note to complainant, is secondarily liable thereon. Complainant will, therefore, have and recover of the defendants, Chas. E. Galbraith and Lillian D. Galbraith, primarily and of the defendant, Mrs. M. A. Thweatt, secondarily, said sum of $1,174.80.

"The court further finds that said note for $1,000 was secured at the time it was acquired by complainant by a lien retained in the warranty deed made by defendant, Mrs. M. A. Thweatt, to defendant Chas. E. Galbraith, Jan. 26, 1928, recorded in Deed Book 451, page 345, and also by trust deed executed the same day by Chas. E. Galbraith and wife, Lillian D. Galbraith, to Alfred C. Adkins, Trustee, of record in Trust Deed Book 396, page 156, covering the property described in the original bill as follows:

"(Here follows description of land.)

"That the attempt of defendant Mrs. M. A. Thweatt, to release the lien in said warranty and trust deeds was ineffective and null and void, and is canceled and set aside in so far as it affected said note for $1,000; and the lien thereof, and of the judgment herein entered, upon said land is superior to the lien of the trust deed executed by defendants, Chas. E. Gal-

braith and wife, Lillian D. Galbraith, to J. P. Stanton, Trustee, covering said property and recorded in Trust Deed Book 454, page 159, in favor of defendant, J. W. Keller.

"It is further ordered and decreed that unless said judgment hereinbefore entered is satisfied in full within 30 days the Clerk and Master will advertise and sell the above described property for the purpose of satisfying the lien of this decree thereon. Said sale will be made for one-third cash and the balance in six, twelve and eighteen months; and out of the proceeds will be paid, first, the costs of the cause, which are adjudged against the defendants, Chas. E. Galbraith and Lillian D. Galbraith; second, the judgment entered hereinabove in favor of complainant, J. W. Crudgington, together with interest on the same to date of payment; and third, the balance he will hold subject to the further orders of this court.

"Upon the hearing of the cause defendant, J. W. Keller, moved the court to be allowed to amend his answer by adding to Section III thereof the following:

" 'If complainant did purchase said note, he was dealing in securities without a privilege license authorizing him so to do.'

"Which motion and amendment having been duly considered by the court was by the court, in his discretion, disallowed, because not offered until all proof was in, and the case was up for trial, and because said amendment sought to make a technical defense contrary to the merits of the case. From which action of the court in refusing to allow said amendment, defendant J. W. Keller, then and there excepted.

"From the foregoing decree and the refusal of the court to permit the amendment offered to his answer, the defendant J. W. Keller except, and prays an appeal to the next term of the Court of Appeals sitting at Knoxville, which prayer is granted upon condition that defendant make bond therefor according to law, for which purpose he is allowed 30 days from the entry of this decree."

Defendant J. W. Keller, the sole appellant, perfected his appeal and has assigned errors here, as follows:

1. "The Chancellor erred in holding that J. W. Crudgington, purchaser of the note sued upon. could recover on same without having first shown that he did not buy this note in the exercise of a taxable privilege."

2. "The court erred in holding that J. W. Crudgington was the holder for full value paid for said note and entitled to recover the full amount of said note with attorneys' fees and interest."

3. "The court erred in holding that said note was endorsed and transferred to J. W. Crudgington, whereas, the undisputed testimony is that Mrs. Thweatt understood that she was canceling the

note and not endorsing same; the minds of the parties not having met in the contract.''

4. ''The court erred in refusing the defendant, J. Wallace Keller, to amend his answer by alleging that the complainant was dealing in securities without a privilege license authorizing him so to do.''

In the absence of proof on the subject, there is no burden on the purchaser of a note, who sues the maker and endorser, to show that he has paid a privilege tax as a dealer in securities. Morton v. Imperial Realty Co., 133 Tenn., 681, 182 S. W., 230.

But ''it is, however, held that proof of a single transaction which ordinarily is performed in the course of a privileged business and by one engaged in dealing in securities or real estate makes out a prima facie case, subject to be rebutted by proof that the transaction was an exceptional one of the kind had by the party, that he did not hold himself out to the public as such a dealer, and that the transaction in question was not sought by him, but casual only.

. . . . . .

''It follows that, wherever it appears that a party has engaged in a single transaction commonly incident to the conduct of a business declared to be a privilege, the burden is upon him to negative by satisfactory evidence the inference which arises that he is engaged in the business.'' Wender v. Lobertini, 151 Tenn., 476, 481, 267 S. W., 367.

In Morton v. Imperial Realty Co., supra, the Court reserved the decision of the question as to whether proof of a failure of complainant to comply with the revenue laws would be admitted over objection, without some pleading to justify it.

In the instant case, there was no pleading which made the question that complainant was exercising a taxable privilege without paying the tax and procuring a license. But, as seen from the decree hereinbefore quoted, upon the hearing of the cause defendant Keller moved the court to be allowed to amend his answer by adding to section III thereof the following: ''If complainant did purchase said note, he was dealing in securities without a privilege license authorizing him so to do;'' which amendment the Chancellor refused to permit, ''because not offered until all proof was in and the case was up for trial, and because said amendment sought to make a technical defense contrary to the merits of the case.''

In refusing the proposed amendment, the Chancellor did not abuse his discretion, especially in the absence of an affidavit of defendant Keller explaining his delay in offering the amendment. Gibson's Suits in Chancery, 3rd Ed., sections 435-436.

However, assuming that the defense of non-compliance with the revenue laws is not personal to the makers and endorser of the note sued on (the Galbraiths and Mrs. Thweatt), but is available

496

to defendant Keller (Richmond Screw Anchor Co. v. Minter Co., 156 Tenn., 19, 27, 300 S. W., 574), and assuming further that the burden was on complainant to negative the inference arising from his purchase of the note in question that he was dealing in securities, we have examined the evidence and we are satisfied therefrom that complainant was not dealing in securities as a business or occupation at the time he purchased the note in question. The appellant's first and fourth assignments of error are overruled.

It would seem that the appellant's second and third assignments of error, supra, are foreclosed by the fact that Mrs. Thweatt did not appeal from the Chancellor's decree holding that complainant Crudgington is the owner and holder for full value of the note in controversy and entitled to recover the full amount of said note with attorneys' fees and interest, and holding that said note was endorsed and transferred to complainant by defendant Mrs. Thweatt; but, however this may be, we find that the Chancellor's findings of fact as set forth in his decree hereinbefore copied are well supported by the preponderance of the evidence. The second and third assignments of error, are, therefore overruled.

It results that the decree of the Chancery Court is in all things affirmed and the cause will be remanded to the Chancery Court of Knox County for the execution of the decree. The costs of the appeal will be adjudged against the appellant J. W. Keller and the sureties on his appeal bond.

Crownover and DeWitt, JJ., concur.